UNITES STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | |
|---|---|
| In re ACTIVE WEAR, INC., | ) Bankruptcy Case No. 04-01780-WA4-11 |
| Debtor, | ) |
| ACTIVE WEAR, INC., | ) |
| | ) Bankruptcy Adversary Proceeding No. 04- |
| Plaintiff, | ) 00050 |
| v. | ) |
| VF IMAGEWEAR (EAST), INC., | ) District Court No. 4:04-cv-00066 |
| Defendant, | ) |
| VF IMAGEWEAR (EAST), INC., | ) |
| Third-Party Plaintiff, | ) |
| v. | ) |
| MICKEY T. DUNN, KENNETH R. SCHRANG, R. WAYNE HILL, and TONY E. WORTHINGTON, | ) |
| Third-Party Defendants. | ) |

## MEMORANDUM

This matter comes before the court on a motion to approve compromise filed by Active Wear, Inc., ("the Plaintiff") pursuant to referral to this Bankruptcy Court by the United States District Court for the Western District of Virginia ("the United States District Court") .

1

This court has jurisdiction over this motion. 28 U.S.C. §§ 1334(a) & 157(a). This is a core proceeding. 28 U.S.C. § 157(b)(2). This court may render a final order.

## *Facts*

On or about March 2, 2004, the Plaintiff transferred all of its accounts receivables with a third entity, Eclatex, to VF Imagewear (East), Inc., ("the Defendant"). The terms of the transfer were memorialized in a writing ("the Transfer Agreement").[1] Under the Transfer Agreement, the Defendant was permitted to collect the Eclatex accounts receivable up to the amount of $300,000.00. The transfer was made to the Defendant as payment in full of a note in the amount of $300,000.00[2] on the date of the transfer.

On May 5, 2004, the debtor filed a chapter 11 petition with the Clerk of the Bankruptcy Court. On June 8, 2004, the Plaintiff filed an adversary complaint ("the Complaint") with the Clerk of this Court seeking to recover a preferential transfer allegedly made to VF Imagewear (East), Inc., ("the Defendant") in the amount of $300,000.00. On August 31, 2004, the adversary proceeding was transferred to the United States District Court when that Court withdrew the reference of this adversary proceeding to the Bankruptcy Court.

On November 29, 2004, the defendant filed an answer to the Plaintiff's Complaint and also filed a third party complaint ("the Third-Party Complaint") against Mickey T. Dunn, Kenneth R. Schrang, R. Wayne Hill and Tony E. Worthington (collectively "the Third-Party Defendants").

The Plaintiff and the Defendant reached a settlement of this dispute on the following

---

[1] See Exhibit A to the Plaintiff's complaint.

[2] The Transfer Agreement recited that the note evidencing the original indebtedness reflected principal in the amount of $281,481.00 and interest in the amount of $18,519.00.

terms.

1. The Defendant will pay the Plaintiff $158,053.86.

2. The parties will enter into a Settlement Agreement and Release, releasing each party from any further liability, and providing mutual covenants not to sue.

3. The Defendant will release the Third-Party Defendants from any further liability on their personal guarantees, which are the subject of the Third-Party Complaint filed by the Defendant in this case, provided the Third-Party Defendants execute the Settlement Agreement and Release.

4. The Defendant will be permitted to file a proof of claim in the amount of $150,000.00 within 60 days of the approval of the settlement.

On March 10, 2005, the United States District Court issued an order referring the motion to approve compromise to this Bankruptcy Court. On March 11, 2005, the Plaintiff filed a motion to approve the compromise with the Clerk of this Court. The Plaintiff served notice and the motion to approve the compromise on creditors in this case. The notice provided that any objection to the compromise should be filed with the Clerk of this Court on or before April 1, 2005. The notice also provided that the matter would be heard by this Court on April 6, 2005, if any objections were so filed.

No objections to the motion to approve compromise have been filed.

### *Discussion*

The court may approve a motion for compromise or settlement by the trustee after notice and a hearing. Fed. R. Bankr. P. 9019. With some limitations not applicable here, a debtor-in-possession shall perform all the functions and duties of a chapter 11 trustee. 11 U.S.C. §1107(a).

"After notice and a hearing", or similar phrase, means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances, and authorizes the granting of the requested relief if a hearing is not requested timely by a party in interest after proper notice. 11 U.S.C. § 102(1).

Courts setting a standard for approval of compromise under Rule 9019 take their guidance from the Supreme Court case of Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. V. Anderson, 390 U.S. 414, 424, 88 S.Ct. 1157, 1163, 20 L. Ed. 2d 1, 9 (1968), which provides that the bankruptcy judge should apprise "himself of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. Further, the judge should form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise. Basic to this process in every instance, of course, is the need to compare the terms of the compromise with the likely rewards of litigation." TMT, 390 U.S. at 424-25, 88 S.Ct. at 1163, 20 L. Ed. 2d at 9.

Based on the above guidance, the Bankruptcy Court is to consider the following factors in deciding whether to approve a compromise: (a) the probability of success in the litigation; (b) the difficulties, if any to be encountered in the matter of collection; (c) the complexity, expense, inconvenience, and delay attendant to continued litigation; and (d) the paramount interest of creditors. 4 Collier on Bankruptcy, "Exceptions to Discharge", ¶ 523.04, p. 523-19 (15th ed. rev.) (citing Jeffrey v. Desmond, 70 F.3ed 183, 185 (1st Cir. 1995); Martin v. Kane (In re A&C Properties), 784 F.2d 1377 99th Cir.), cert. denied sub nom. Martin v. Robinson, 479 U.S. 854,

4

107 S.Ct. 189, 93 L. Ed. 2d 122 (1986); Drexel Burnham Lambert, Inc. v. Flight Transp. Corp. (In re Flight Transp. Corp. Sec. Litig.), 730 F.2d 1128 (8th Cir. 1984) cert. denied sub nom. Reavis & McGrath v. Antinore, 4679 U.S. 1207, 105 S.Ct. 1169, 84 L. Ed. 2d 320 (1985).

In assessing the compromise, the Bankruptcy Court is to review the issues and determine whether the compromise falls within a reasonable range.

> In undertaking an examination of the settlement, we emphasize that this responsibility of the bankruptcy judge, and ours upon review, is not to decide the numerous questions of law and fact raised by appellants but rather to canvass the issues and see whether the settlement "fall[s] below the lowest point in the range of reasonableness", Newman v. Stein, 464 F.2d 689, 693 (2 Cir.), cert. denied sub nom. Benson v. Newman, 409 U.S. 1039, 93 S.Ct. 521, 34 L.Ed.2d 488 (1972). We shall not attempt to deal with every argument advanced by appellants but will concentrate on what seem the most nearly persuasive.

In re W.T. Grant, 699 F. 2d. 599, 608 (2nd Cir. 1983).

Finally, it should be noted that a debtor-in-possession or trustee is placed in an awkward situation when bringing a motion to approve compromise. He or she is required to present evidence concerning the weakness of the underlying case. This requirement is made even though the trustee or debtor-in-possession will have to take the opposite position if the motion is denied. Accordingly, courts should not expect that the arguments and evidence supporting the motion will be as forceful as in other motions.

**Probability of Success.** The first issue to be considered is the probability that the debtor-in-possession would have prevailed on its complaint. An action to avoid a preferential transfer is brought under 11 U.S.C. § 547. Section 547(b) provides that the trustee or debtor-in-possession may avoid (1) a transfer of an interest of the debtor in property (2) that is made to or for the benefit of a creditor; (3) for or on account of an antecedent debt owed by the debtor before such transfer was made; (4) made while the debtor was insolvent; (5) made on or within 90 days

5

before the date of the filing of the petition if the transferee is not an insider; (6) that enables such creditor to receive more than such creditor would receive if the case were a case under chapter 7 of this title, the transfer had not been made; and the creditor received payment of such debt to the extent provided by the provisions of chapter 7.[3] The trustee has the burden of coming forward with evidence proving the avoidability of the transfer under subsection 547(b). See §547(g). The trustee must carry the burden of proof by a preponderance of the evidence.  5 Collier on Bankruptcy, "Exceptions to Discharge", ¶ 523.04, p. 523-19 (15th ed. rev.) on Bankruptcy, "Exceptions to Discharge", ¶ 523.04, p. 523-19 (15th ed. rev.) on Bankruptcy, "Exceptions to Discharge", ¶ 523.04, p. 523-19 (15th ed. rev.) on Bankruptcy, "Preferences", ¶ 547.14, p. 547-100 to 547-101 (15th ed. rev.)(And cases cited therein).

It appears that the debtor would probably have prevailed at trial. Some issues, such as the debtor's insolvency, may have presented problems for the Plaintiff, but it does appear that they could have been overcome. The primary issue at trial may well have been the amount of the transfer that was preferential. For instance, the Defendant argues in its answer that it incurred some costs in collecting the accounts receivable from Eclatex, implying that those costs should

---

[3] Section 547(b) provides:
(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property--
    (1) to or for the benefit of a creditor;
    (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
    (3) made while the debtor was insolvent;
    (4) made--
        (A) on or within 90 days before the date of the filing of the petition; or
        (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
    (5) that enables such creditor to receive more than such creditor would receive if--
        (A) the case were a case under chapter 7 of this title;
        (B) the transfer had not been made; and
        (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

be deducted from the amount actually collected. The Defendant also asserts in its answer that it gave new value to the Plaintiff subsequent to the Transfer, though there is no evidence of such in the record before this court. Finally, if the trial was conducted with a jury, the probability of success would become more uncertain, if not diminished. That is, even if the expected value of the judgment might remain the same, the range of probable values might be wider. Given these variables, the court would expect that the debtor-in-possession would have succeeded at trial, but would not have obtained a judgment for the full amount requested of $300,000.00.

**Difficulties in Collection.** There is nothing in the record to indicate that collection of the judgment amount from the Defendant would be any more difficult than in other cases. That fact notwithstanding, there is a positive probability that the Defendant would either appeal, or avoid payment of, any judgment close to the full amount requested. This would result in additional costs that have been avoided by the settlement between the parties.

**Complexity, Expense, Inconvenience, and Delay.** The issues presented in dispute, as in any preference action, are not especially complex. They do, however, require much attention to detail. Consequently, litigation costs would be somewhat significant. If the case was tried before the court with a jury, those costs could be compounded by the fact that the matter might be heard by a jury. Consequently, the Plaintiff has avoided significant litigation expense by settling this matter.

**Paramount Interest of Creditors.** The estate will receive $158,000.00. In exchange for accepting an amount that is less that in the request for relief, the Plaintiff has avoided significant litigation costs, has avoided potential collection costs, and has assured the receipt of a significant asset for the estate.

## *Conclusion*

The proposed settlement is in the best interest of creditors. It falls well above the bottom of the range of outcomes that would be considered reasonable.

Upon entry of this memorandum, the Clerk shall forward a copy to counsel for the Committee, for service pursuant to the local rules.

Entered on this __13th__ day of April, 2005.

William E. Anderson
United States Bankruptcy Judge